UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00313

**Felicia Lynch,**
*Plaintiff,*

v.

**J. Don Westbrook et al.,**
*Defendants.*

**O R D E R**

　　Plaintiff filed this action alleging civil rights violations under 42 U.S.C. § 1983 and state claims for conspiracy and abuse of process under Texas law. Doc. 1. Plaintiff is proceeding pro se and has requested to proceed in forma pauperis (IFP). Doc. 2. The case was referred to a magistrate judge who issued a report and recommendation. Doc. 3. Specifically, the report identified deficiencies in plaintiff's allegations, found that any further attempts to amend would be futile given the nature of her claims, and recommended that the claims be dismissed. *Id.* at 10–11. Plaintiff did not file objections to the report but did file a first and then a second amended complaint. Docs. 4, 8. An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986).

　　Plaintiff's amended complaint is a reiteration of her original complaint that was considered by the magistrate judge in the report and recommendation. Plaintiff did not object to that report. The report was sent to plaintiff and returned as undeliverable. Plaintiff has not updated her address with the court—a violation of Local Rule CV-11(d). On that basis alone, her claims are subject to dismissal for failure to prosecute. However, because plaintiff has filed amended complaints (Docs. 4, 8), the court will consider those in its review. Plaintiff's amended complaints confirm the magistrate judge's conclusion—further amendment is futile.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Conducting de novo review, the court examines the entire record and makes an independent assessment under the law. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017).

Because plaintiff filed amended complaints, the court will review all current pleadings in conducting a de novo review. In her first amended complaint, plaintiff alleges that she filed a trespass-to-title action to assert her interest in real property in state court. Doc. 4 at 3. Plaintiff alleges that defendant Don Westbrook improperly intervened in that action on behalf of defendants Lacy Operations, LTD, R. Lacy Services, LTD, and R. Lacy Inc. ("Lacy defendants"). *Id*. Plaintiff suggests that the judge presiding over the action called her a "vexatious litigant", contradicted a rendered judgment, and ordered a $15,000 security before she could file a new case. *Id*. at 4. Plaintiff further alleges that defendant Westbrook and the Lacy defendants caused false criminal charges to be filed against her. *Id*. at 4–5. Plaintiff states that these actions have barred her access to the courts and have damaged her reputation. *Id*. at 2, 4. Based on those facts, plaintiff asserts § 1983 claims for violations of the First, Fourth, and Fourteenth Amendments and claims for violations of Texas law. *Id*. at 5–6. Plaintiff's second amended complaint provides many of the same allegations. *See generally* Doc. 8.

To start, plaintiff's § 1983 claims against Westbrook, the Lacy defendants, and Tonya Lynch are not viable. Those defendants are all private citizens or entities. A § 1983 claim requires conduct by a person acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Johnson v. Dall. Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994) (holding that a cause of action under 42 U.S.C. § 1983 must allege that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory). Further, plaintiff has not

alleged that any defendant is a state actor under the recognized tests for state action. *See Lugar*, 457 U.S. at 939 (recognizing three tests for determining whether a private party is acting under color of state law: the public-function test, the state-compulsion test, and the nexus test). As such, these claims are subject to dismissal.

Apparently, plaintiff no longer desires to assert a claim against defendant Rafferty in this action. To be sure, plaintiff's amended complaints do not name any state actors as defendants. *See generally* Doc. 4; *see also* Doc. 8 at 3–4 (affirmatively disclaiming claims against previously-named defendant Rafferty). Thus, dismissal is appropriate.

Further, having dismissed plaintiff's federal claims, there is no basis to exert the court's pendent jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that courts should "dismiss state claims when the federal claims to which they are pendent are dismissed").

Thus, even construing the amended complaints as objections to the report, the court finds no error in the report. Plaintiff's amended complaints fail to state a viable federal claim. Having reviewed the report (Doc. 3) de novo and discovering no error, the court accepts the magistrate judge's findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Plaintiff's federal claims are dismissed with prejudice for failure to state a claim and lack of jurisdiction. Plaintiff's state law claims are dismissed without prejudice for lack of pendent jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on October 16, 2025.*

J. Campbell Barker
United States District Judge